UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **HUDSON INSURANCE CO.,** | * | |
| Plaintiff, | * | |
| v. | * | |
| **DOLLAR TREE STORES, INC.,** | * | Civil Action No. EA-23-2731 |
| Defendant/Third-Party Plaintiff, | * | |
| v. | * | |
| **NATIONAL ENERGY AND LIGHT, INC.** | * | |
| Third-Party Defendant. | * | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the parties' joint motion to seal certain exhibits to the Complaint (ECF Nos. 1-1 at 1–10; 4) and Third-Party Complaint (ECF No. 28).[1] ECF No. 44. No hearing is necessary. Local Rule 105.6 (D. Md. 2023). For the reasons set forth below, the motion is denied.

**I.   Background**

Plaintiff Hudson Insurance Co. (Hudson) initiated this action in the Circuit Court for Baltimore City on September 1, 2023, asserting negligence and breach of contract claims against Defendant/Third-Party Plaintiff Dollar Tree Stores, Inc. (Dollar Tree). ECF Nos. 1-1 at 1–10; 4. Hudson attached a copy of a lease agreement as an exhibit to its Complaint. ECF No. 44 ¶ 1 (citing ECF Nos. 1-1 at 11–59 and 4-1). On October 10, 2023, Dollar Tree removed the case to this Court on the basis of diversity jurisdiction. ECF No. 1. With leave of court, Dollar Tree filed a Third-Party Complaint against National Energy and Light, Inc. (NEL) on May 15, 2024.

---

[1] Page numbers refer to the pagination of the Court's Case Management/Electronic Case Files system printed at the top of the cited document.

ECF No. 28.  Dollar Tree attached exhibits to its Third-Party Complaint, which include a service agreement and a work order between Dollar Tree and NEL (Exhibit 2-3, ECF Nos. 28-2, 28-3). ECF No. 44 ¶ 1.

On August 22, 2024, the three parties filed a joint motion to seal these exhibits.  ECF No. 44.  In support of the motion, the parties assert that the "lease agreement and related documents include rent pricing and other sensitive leasing-related information that could put Dollar Tree at a competitive disadvantage within the industry if left in the public domain." *Id*. at ¶ 2.  The parties further assert that the service agreement and work order "contain pricing information, which NEL contends is proprietary"; that disclosure of these documents "could put NEL at a competitive disadvantage within the industry"; and that the service agreement also contains "certain confidential information concerning the business arrangements between Dollar Tree and NEL, . . . the disclosure of which could result in NEL being placed in a competitive disadvantage within the industry." *Id*. at ¶¶ 4–5.  The parties acknowledge that pricing information contained in the lease agreement and work order could be redacted but contend that redactions to the service agreement "would prove to be more difficult," and that "the most efficient means of protecting the confidentiality of these documents is to seal them from public view." *Id*. at ¶ 7.

**II.    Discussion**

The public's right of access to the courts and court records is paramount.  "Transparency is not only important for its own sake.  It is integrally linked to the need of courts to maintain public trust." *Doe* v. *Sidar*, 93 F.4th 241, 250 (4th Cir. 2024) (Wilkinson, J., concurring); *see also Doe* v. *Public Citizen*, 749 F.3d 246, 266 (4th Cir. 2014) (observing that "public access promotes not only the public's interest in monitoring the functioning of the courts but also the integrity of the judiciary").  This important right "springs from the First Amendment and the common-law tradition that court proceedings are presumptively open to public scrutiny." *Public*

*Citizen*, 749 F.3d at 265.  Key to the Court's analysis is the source of the right of public access, for "the strength of the right of access varies depending on whether the public's right of access to the document or proceeding derives from the common law or the First Amendment."  *United States* v. *Doe*, 962 F.3d 139, 145 (4th Cir. 2020).  Under the common law, the "presumption of access . . . can be rebutted if countervailing interests heavily outweigh the public interests in access."  *Rushford* v. *New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988).  "Under the First Amendment, on the other hand, the denial of access must be necessitated by a compelling government interest and narrowly tailored to serve that interest."  *Id.*  Thus, the "public's right to access documents under the First Amendment is narrower in scope but stronger in force."  *United States* v. *Doe*, 962 F.3d at 145.

The Fourth Circuit has held that the First Amendment right of public access attaches to complaints.  *Courthouse News Serv.* v. *Schaefer*, 2 F.4th 318, 328 (4th Cir. 2021).  This is because complaints "allow the public to understand the parties involved in a case, the facts alleged, the issues for trial, and the relief sought," and therefore "access to complaints . . . is crucial to 'not only the public's interest in monitoring the functioning of the courts but also the integrity of the judiciary.'"  *Id.* at 327 (quoting *Public Citizen*, Doe, 749 F.3d at 266).  By logical extension, "the same standard applies to exhibits attached to a complaint, which are considered 'a part of the pleading for all purposes' under Fed. R. Civ. P. 10(c) and may, for example, be relied upon by a court in resolving a motion to dismiss."  *Tolliver* v. *Tandium Corp.*, Civil Action No. ELH-21-1441, 2021 WL 5827886, at *2 (D. Md. Dec. 8, 2021); *see also Put Corp.* v. *R. J. Reynolds Tobacco Co.*, Civil Action No. 1:22-CV-881, 2023 WL 3892482, at *1 (M.D.N.C. Jan. 9, 2023).  Thus, limiting public access to exhibits to the complaints requires the Court to make specific findings that sealing is essential to preserve higher values, sealing is narrowly tailored to serve that interest, and less restrictive alternatives to sealing are inadequate.  *In re*

*Washington Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986); *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984); *see also* Local Rule 105.11.

      Sealing a judicial record has both procedural and substantive requirements. Prior to sealing, the Court must provide notice to the public and an opportunity to object, which can be accomplished by docketing the motion to seal in advance of deciding the issue. *In re Knight Pub. Co.*, 743 F.2d at 235. Here, the motion to seal was filed more than fourteen days ago, which satisfies the public notice requirement. Local Rule 105.11 (providing that the "Court will not rule upon the motion until at least fourteen (14) days after it is entered on the public docket to permit the filing of objections by interested parties"). Further, sealing of a judicial record cannot be premised upon a party's "mere desire to keep information confidential." *Kurland* v. *Ace Am. Ins. Co.*, Civil Action No. JKB-15-2668, 2018 WL 9903324, at *1 (D. Md. Sept. 14, 2018). Instead, a motion to seal must be supported by "specific factual representations to justify the sealing" and "an explanation why alternatives to sealing would not provide sufficient protection." Local Rule 105.11. "'Conclusory assertion[s]' will not suffice." *In re Marriott*, Civil Action No. PWG-19-2879, 2019 WL 4855202, at *3 (D. Md. Aug. 30, 2019) (quoting *Press-Enterprise Co.* v. *Superior Court of Cal. for Riverside Cty.*, 478 U.S. 1, 15 (1986)) (alteration in original). Because "Courts have a duty to protect the public right of access," the Court must review a motion to seal and the competing interests at stake regardless of whether the parties consent to sealing. *Minter* v. *Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 122 (D. Md. 2009); *see also G. W. Aru, LLC* v. *W. R. Grace & Co.-Conn.*, Civil Action No. JKB-22-2636, 2023 WL 3549829, at *1 (D. Md. May 18, 2023).

      Here, the parties have not met their burden. Although the parties refer to Local Rule 105.11, they offer nothing more than conclusory assertions, *see supra* p. 2, which cannot support sealing of the three exhibits. *E.g.*, *Sky Angel U.S., LLC* v. *Discovery Commc'ns, LLC*, Civil

Action No. DKC 13-0031, 2013 WL 3465352, at *10 (D. Md. July 9, 2013); *VCA Cenvet, Inc.* v. *Chadwell Animal Hosp., LLC*, Civil Action No. JKB-11-1763, 2013 WL 1818681, at *2 (D. Md. Apr. 29, 2013); *Minter*, 258 F.R.D. at 123-124.  The proffered rationales for sealing are even more unpersuasive given that the exhibits the parties now seek to seal have been publicly available on the docket for more than three months (the service agreement and work order) and more than a year (the lease agreement).  *E.g.*, *Norris* v. *PNC Bank, N.A.*, Civil Action No. ELH-20-3315, 2021 WL 5955820, at *5 (D. Md. Dec. 16, 2021) (finding that "the fact that most of the information . . . that plaintiffs assert to be confidential was on the public docket for six weeks . . . weakens plaintiffs' argument as to the need to seal").  Several decisions of this Court have found that the interest in sealing was diminished when the document had been publicly available on the docket.  *E.g.*, *Jones* v. *Blair Wellness Ctr., LLC*, Civil Action No. ADC-21-2606, 2023 WL 4352451, at *17 (D. Md. June 30, 2023); *Lamb* v. *Madly*, Civil Action No. PX-19-3469, 2020 WL 2512413, at *2 (D. Md. May 15, 2020); *Kurland*, 2018 WL 9903324, at *2.  Moreover, given the length of time that has passed the parties may very well have waived their right to move to seal the exhibits.  *E.g.*, *Norris*, 2021 WL 5955820, at *5 (finding that a delay of six weeks between publicly filing a motion and moving to seal the motion presented a strong argument for waiver of the claim for sealing).  Suffice to say, the parties have not met the substantive requirements for sealing of the three exhibits.

**III.   Conclusion**

In light of the foregoing, it is hereby ORDERED that the joint motion to seal (ECF No. 44) is denied.

Date:  September 6, 2024                            /s/
                                        Erin Aslan
                                        United States Magistrate Judge

5